IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| |  |
|---|---|
| MICAH COOK,<br><br>        Plaintiff,<br><br>  v.<br><br>NORDSTROM, INC.,<br><br>        Defendant. | Civil No. 13-5402 (RBK/AMD) |

**MEMORANDUM OPINION AND ORDER**

In this employment discrimination action, Defendant Nordstrom, Inc., seeks a stay pending arbitration pursuant to the terms of a Dispute Resolution Agreement signed by Plaintiff Micah Cook. Plaintiff Micah Cook has not filed any opposition to the motion. The Court has considered this matter pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth herein, grants the motion.[1]

---

[1] 28 U.S.C. § 636(b)(1)(A) generally sets forth the magistrate judge's authority to decide non-dispositive matters. See 28 U.S.C. § 636(b)(1)(A). A number of district courts that have considered the nature of a stay pending arbitration have found such relief non-dispositive. Schmidt v. Wine, No. 13-1237, 2013 WL 3991808, at *1-*2 (D. Kan. Aug. 5, 2013) (collecting cases and finding "that a motion to compel arbitration is non-dispositive"). This Court agrees, and finds that a ruling on a motion to stay litigation pending arbitration is "not dispositive" because "the [C]ourt still retains authority to dissolve the stay or, after the arbitration has run its course, to make orders with respect to the arbitral award." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010) (finding

On July 30, 2013, Plaintiff filed a complaint in New Jersey state court alleging sexual orientation harassment, hostile work environment, race discrimination, and retaliation in violation of the New Jersey Law Against Discrimination. (Id. at ¶ 1.) Specifically, Plaintiff alleges that he "was hired by Defendant as a Housekeeper[,]" and that Defendant's employees "constantly" subjected Plaintiff to a litany of harassing conduct due to Plaintiff's race and alleged sexual orientation. (Notice of Removal [Doc. No. 1], Ex. A, ¶¶ 8, 10.) Plaintiff further alleges that Defendant's management failed to address the harassment despite Plaintiff's complaints. (Id. at ¶ 12.) Defendant terminated Plaintiff's employment on or about May 10, 2013. (See generally id. at ¶¶ 30-40.) Following Plaintiff's filing of the complaint, Defendant removed this action on September 11, 2013 (see Notice of Removal [Doc. No. 1]), and thereafter filed the pending motion to stay. (See Motion to Stay Judicial Proceedings Pending Arbitration (hereinafter, "Def.'s Mot.") [Doc. No. 4].)

In support of the pending motion, Defendant asserts that, "as a condition of [Plaintiff's] employment" with Defendant and in accordance with the Federal Arbitration Action (Brief in Support of Defendant's Motion to Stay Judicial Proceedings Pending Arbitration (hereinafter, "Def.'s Br.")

---

that a "federal court's ruling on a motion to stay litigation pending arbitration is not dispositive").

2

[Doc. No. 4-1], 2), Plaintiff expressly agreed to arbitrate any and all "'disputes regarding the employment relationship ... termination, discrimination, retaliation ... or harassment and claims arising under ... state and local statutes.'" (Id. at 6 (internal citation omitted).) Defendant further asserts that Plaintiff's employment agreement constitutes a "Valid, Enforceable Agreement to Arbitrate[,]" supported by effective consideration, and that the claims alleged by Plaintiff "fall[] within the scope of the Agreement." (Id. at 5-7.) Consequently, Defendant asserts that the circumstances warrant "a stay of this judicial action" and that "the parties should be ordered to arbitrate." (Id. at 7.)

Before turning to the issue of whether the Dispute Resolution Agreement constitutes a binding agreement to arbitrate, the Court must first decide the standard applicable to the resolution of the pending motion. Where arbitrability "is apparent, based on 'the face of a complaint, and documents relied upon in the complaint' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'" Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 774 (3d Cir. 2013) (quoting Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). "[A] Rule

3

12(b)(6) standard is inappropriate[, however,] when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate, <u>Somerset</u>, 832 F. Supp. 2d at 482, or the opposing party has come forth with reliable evidence that [amounts to] more than a 'naked assertion ... that [the opposing party] did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." <u>Id.</u> (quoting <u>Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.</u>, 636 F.2d 51, 55 (3d Cir. 1980)).

Here, Plaintiff's complaint (<u>see</u> Notice of Removal [Doc. No. 1], Ex. A) contains no reference to the arbitration agreement placed in issue by Defendant's motion. (<u>See</u> Def.'s Mot. [Doc. No. 4].) Nor has Plaintiff filed an opposition contesting the existence, enforceability, and/or applicability of the arbitration agreement. Rather, the certification of counsel in support of Defendant's motion appends "a true and correct copy of [Defendant's] Dispute Resolution Program, signed by Plaintiff[,]" and contends that the Agreement subjects Plaintiff's claims in this action to arbitration. (Certification of Leigh Ann Bigley in Support of Defendant's Motion to Stay Judicial Proceedings Pending Arbitration [Doc. No. 4-2], 1.) Though the Agreement arguably envelops Plaintiff's claims in this action, the Agreement itself (though

4

uncontested) does not constitute a document "referred to in" Plaintiff's complaint or "central to" Plaintiff's claims. <u>Mathai v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.</u>, No. 12-2778, 2013 WL 3776580, at *3 (E.D. La. July 17, 2013) (considering, under a Rule 12(b)(6) standard, documents "referred to in the complaint and []central to the claims" in the case). Rather, the Agreement constitutes an external document, which may have an impact on the litigation of Plaintiff's claims, but otherwise concerns issues separate and distinct from Plaintiff's complaint. Therefore, because the Court must delve beyond the pleadings to resolve the pending motion, the Court must instead determine whether "'a factual dispute exists as to the validity of the agreement.'" <u>Estate of Hodges v. Meadows</u>, No. 12-1698, 2013 WL 1294480, at *2 (E.D. Pa. Mar. 29, 2013) (quoting <u>Hopkins v. New Day Fin.</u>, 643 F. Supp. 2d 704, 714 (E.D. Pa. 2009)) ("applying the standard of review for summary judgment to a motion to compel arbitration"); <u>see</u> <u>also</u> Fed. R. Civ. P. 56. In so determining, the Court "must view the underlying facts and draw all reasonable inferences in favor of the non-moving party[,]" <u>Down to Earth Landscaping v. New Jersey Building Laborers District Council Local 595</u>, No. 06-578, 2006 WL 1373169, at *2 (D.N.J. May 17, 2006) (citations omitted), and must determine whether "the record, including depositions, documents, electronically stored information, affidavits or

5

declarations," together with answers to interrogatories, and admissions on file, if any, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A). Therefore, the Court must discern the existence of a factual dispute, if any, solely from the information proffered by Plaintiff's complaint and Defendant's submission.

Mindful of this standard, the Court must next consider whether the Dispute Resolution Agreement constitutes a valid agreement to arbitrate. Such an inquiry is required because in order to compel arbitration, "a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) (citing Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005)). Consequently, "[t]o determine whether the parties agreed to arbitrate, [courts] turn to 'ordinary state-law principles that govern the formation of contracts.'" Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) (quoting First Options of Chic., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)); see also Bourgeois v. Nordstrom, Inc., No. 11-2442, 2012 WL 42917, at *2 (D.N.J. Jan. 9, 2012) (evaluating "the validity" of an "arbitration agreement using the principals of New Jersey contract law"). Here, Defendant asserts that New Jersey law applies with respect to the

6

consideration of "whether the parties entered into a valid contract." (Def.'s Br. [Doc. No. 4-1], 5.) Consequently, the Court turns to New Jersey law, which requires that, "[f]or an arbitration agreement to be enforceable in the employment context it 'must reflect that an employee has agreed clearly and unambiguously to arbitrate the disputed claim[,]'" Bourgeois, 2012 WL 42917, at *3 (quoting Leodori v. CIGNA Corp., 814 A.2d 1098, 1104 (N.J. 2003), cert. denied, 540 U.S. 938 (2003)), in addition to demonstrating "'[t]he essential requirement of consideration[.]'" Martindale v. Sandvik, Inc., 800 A.2d 872, 878 (N.J. 2002) (quoting Shebar v. Sanyo Bus. Sys. Corp., 544 A.2d 377, 383-84 (N.J. 1988)).

Defendant asserts that Plaintiff received, acknowledged, and agreed to be bound by Defendant's Dispute Resolution Agreement on December 7, 2011. (See Def.'s Mot. [Doc. No. 4-2], Ex. B, 5.) The Dispute Resolution Agreement explicitly provides that Plaintiff "understand[s] and agree[s]" to the terms of the agreement. See Def.'s Mot. [Doc. No. 4-2], Ex. B, 5.) Moreover, the Dispute Resolution Agreement and accompanying signed acknowledgment clearly reflect an agreement by Plaintiff to arbitrate all "disputes regarding the employment relationship," including claims of "harassment[,]" claims arising under the "Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair

7

Labor Standards Act," "and other state and local statutes, addressing the same or similar subject matters." (Id. at 2.) Such specific "language easily satisfies the requirement that [the arbitration] clause[] provide an unmistakable expression of an employee's willingness to waive his or her statutory remedies." Leodori, 814 A.2d at 1105 (finding a provision which listed "numerous federal statutes by name[,]" in addition to "any other federal, state, or local statute, regulation, or common-law doctrine, regarding employment discrimination, conditions of employment, or termination of employment" sufficient to constitute "an unmistakable expression of an employee's willingness to waive his or her statutory remedies").

Plaintiff's complaint does not reference the Dispute Resolution Agreement. However, in addressing the "bargained-for" nature of the Agreement, Defendant asserts that Plaintiff "agreed to arbitrate" and Defendant, in return, continued to "employ[] him." (Def.'s Br. [Doc. No. 4-1], 5.) Under New Jersey law, "continued employment" constitutes "sufficient consideration to support certain employment-related agreements[,]" Martindale, 800 A.2d at 879, including "an employee's submission" to an employer's demand to arbitrate. Quigley v. KPMG Peat Marwick, LLP, 749 A.2d 405, 413 (N.J. Super. Ct. App. Div. 2000). Consequently, on this record, the Court finds no genuine dispute with respect to the validity of

the agreement to arbitrate. See Bourgeois, 2012 WL 42917, at *4 (finding that, pursuant to the terms of a similar agreement, "the parties entered into a valid agreement to arbitrate"). Therefore, the Court concludes that the Dispute Resolution Agreement constitutes a valid agreement to arbitrate.

The Court next considers whether federal or state law governs the arbitrability question—that is, whether Plaintiff's claims fall within the arbitration clause. In that regard, Defendant asserts that the Federal Arbitration Act (hereinafter, the "FAA"), 9 U.S.C. § 1, et seq., governs this question. Therefore, in order to apply the FAA, the Court "must find that the contract containing the arbitration provision 'evidenc[es] a transaction involving commerce.'" Crawford v. W. Jersey Health Sys. (Voorhees Div.), 847 F. Supp. 1232, 1240 (D.N.J. 1994) (quoting 9 U.S.C. § 2). This determination, however, does not require "a rigorous inquiry[.]" Id. Rather, "the contract 'need have only the slightest nexus with interstate commerce.'" Id. (quoting Maxus, Inc. v. Sciacca, 598 So.2d 1376 (Ala. 1992); citing Snyder v. Smith, 736 F.2d 409, 417 (7th Cir. 1984), cert. denied, 469 U.S. 1037 (1984) ("involving commerce" requirement "must be construed broadly")). Defendant's Dispute Resolution Agreement expressly provides that it "evidences a transaction involving commerce," (See Def.'s Mot. [Doc. No. 4-2], Ex. B, 5), but Defendant does not set forth, with specificity, the basis

for that conclusion. (Def.'s Br. [Doc. No. 4-1], 2.) However, the Court need not engage in any protracted inquiry because the "New Jersey Arbitration Act, N.J.S.A. 2A:23B-1 to -32" sets forth near-identical provisions to "its federal counterpart, 9 U.S.C.A. § 2 of the Federal Arbitration Act[.]"[2] <u>Levonas v. Regency Heritage Nursing & Rehab. Ctr.</u>, No. L-7610-09, 2013 WL 4554509, at *3 (N.J. Super. Ct. App. Div. Aug. 29, 2013); <u>see also</u> N.J.S.A. 2A:23B-6(b) ("The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."). Consequently, the resolution of the pending motion is the same whether the Court applies federal or state law, and for the reasons that follow, arbitration shall be compelled.

"In determining whether the particular dispute falls within a valid arbitration agreement's scope, 'there is a presumption of arbitrability[:] an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" <u>Century Indem. Co. v. Certain Underwriters at Lloyd's, London, Subscribing to Retrocessional Agreement Nos.</u>

---

[2] N.J.S.A. 2A:23B-7 further provides that, "[o]n filing a summary action with the court by a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to that agreement: (1) if the refusing party does not appear or does not oppose the summary action, the court shall order the parties to arbitrate[.]" N.J.S.A. 2A:23B-7(a)(1).

10

950548, 950549, and 950646, 584 F.3d 513, 524 (3d Cir. 2009) (quoting AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986)); see also Morgan Stanley & Co. v. Druz, No. A-2256-10T1, 2013 WL 68712, at *4 (N.J. Super. Ct. App. Div. Jan. 8, 2013) (noting the presumption of arbitrability under the New Jersey Arbitration Act). Consequently, an agreement to arbitrate must be construed broadly, with any doubts "concerning the scope of arbitrable issues [] [] resolved in favor of arbitration." Great W. Mortg. Corp. v. Peacock, 110 F.3d 222, 228 (3d Cir. 1997) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-5 (1983)); see also Morgan Stanley & Co., 2013 WL 68712, at * 4 (same). "In the absence of any express provision excluding a particular grievance from arbitration," "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." AT&T Techs., 475 U.S. at 654 (quoting United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 584-85 (1960)). Plaintiff's complaint generally alleges that Defendant subjected Plaintiff to "sexual orientation harassment/hostile work environment[,]" "racial discrimination[,]" and "retaliation[,]" in violation of the New Jersey Law Against Discrimination. (See Notice of Removal [Doc. No. 1], Ex. A, ¶¶ 41-51.) Plaintiff, however, agreed to be bound by Defendant's Dispute Resolution Agreement with respect to "disputes regarding the employment

11

relationship," including those claims of "discrimination, retaliation" or "harassment" in violation of either federal or state laws. (Id. at 2.) Therefore, in light of the clear scope of the Dispute Resolution Agreement, the Court finds no genuine dispute concerning the arbitrability of the claims set forth in Plaintiff's complaint. See Hinnant v. Am. Ingenuity, LLC, 554 F. Supp. 2d 576, 587 (E.D. Pa. 2008) (finding that two counts fell within the confines of the broad arbitration clause, which required arbitration of "all disputes in connection with this contract"). Consequently, the Court grants Defendant's motion and shall compel arbitration. In addition, because the pending motion seeks to compel arbitration of arbitrable issues, "the Court must issue a stay as requested by" Defendant. Oliver v. Nordstrom King of Prussia, No. 10-5340, 2010 WL 5121966, at *6 (D.N.J. Dec. 14, 2010) (citing 9 U.S.C. § 3; see Lloyd v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir. 2004) (noting that district courts must issue a stay if the lawsuit is "brought on an arbitrable claim")). Consequently, for the reasons set forth herein, and for good cause shown:

    IT IS on this 17th day of December 2013,

    **ORDERED** that Defendant's Motion to Stay Judicial Proceedings Pending Arbitration [Doc. No. 4] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the parties shall proceed to arbitration on all claims asserted in Plaintiff's complaint in accordance with the terms of the Dispute Resolution Agreement; and it is further

**ORDERED** that this matter shall be, and hereby is, **ADMINISTRATIVELY TERMINATED**, without prejudice to the parties' right to reopen by way of letter application following completion of arbitration.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE